IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CRYSTAL RAINEY, Individually and on**                    **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                    No. 4:18-cv-267-DPM

**MEDPARTNERS, INC.**                                    **DEFENDANT**

### PROTECTIVE ORDER PURSUANT TO STIPULATION AND AGREEMENT

1.      Confidential Information, as defined below, and produced by either party or pursuant to a release for medical or employment records or subpoena in this action, shall be used only for the purpose of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available, or communicated in any way to anyone except Qualified Persons, as herein defined.

2.      Confidential Information shall be deemed to include, without limitation:

a) Those personnel files, medical reports, rates of pay, interview information, insurance coverage information, benefits information, financial information, and other matters requested by the parties or relating to the operation and organization of Defendants.

b) Any information produced and declared by the party at the time of production to be "Confidential Information" and subject to this Order. This designation must be in writing and may be by letter of transmittal to the party.

3.      Except with the prior written consent of the party or pursuant to further Order of this Court on motion with notice to the party, no Confidential Information may be

disclosed to any person other than "Qualified Persons" who shall be defined to include the parties, any future counsel of record for the parties in this action, potential witnesses during investigation, discovery, trial preparation, and trial, and secretaries, paraprofessional assistants, and other employees of such counsel who would be actively engaged in assisting counsel in connection with this action. Plaintiff agrees that Confidential Information shall not be disclosed to anyone, unless used in the course of trial preparation, depositions, or the actual trial proceedings. Plaintiff agrees that if Confidential Information is disclosed during trial preparation or depositions, Plaintiff shall advise the recipient of the information that he/she must keep the information confidential except during depositions or the actual trial proceedings. Plaintiff specifically agrees that Confidential Information contained in the personnel files of current or former employees will not be disclosed to anyone, unless used in the course of the actual trial proceedings.

4.      Disputes. Counsel must confer in good faith in person before bringing any dispute over whether material is confidential to the Court. If the parties reach an impasse, they should file a joint report explaining the disagreement. They should file this paper under the CM/ECF event called "Joint Report of Discovery Dispute". The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. Do not file a motion asking for more pages. Use double spacing and avoid footnotes. Attach documents as needed. Redact any attachments as required by Federal Rule of Civil Procedure 5.2 to protect confidential information. The Court will rule or schedule a hearing. Alert the law clerk on the case to the joint report's filing. If a dispute arises during a deposition, call chambers so the Judge can rule during the deposition.

5.     This Order, insofar as it restricts the communication in any way and use of Confidential Information, shall remain in effect for one year after the end of this case, including any appeals.  Thereafter, it shall remain in effect, subject to its terms, only as a matter of contract between the parties and signers of the agreement. Within one year after the conclusion of this action, including all appeals, counsel may destroy the confidential information, or counsel shall return all Confidential Information to the party to this litigation who produced the information, including any originals and copies of correspondence, memoranda, notes, or any other documents embodying such information, in whole or in part, and pay reasonable expenses for the return of the documents.

6.     Nothing in this Order shall prevent any party from seeking modification of this Order at any time as to specific matters designated "Confidential Information" to remove them from the application of this Order.

7.     In an electronic or paper filing with the Court, Confidential Information shall be redacted if practicable.  When redaction is impracticable, then a party must move for permission to file a document under seal.  The party must make a document-by-document showing with specifics that the information is not public and that sealing is necessary to protect it.  Only the Court, Court personnel, and counsel for the parties shall have access to the sealed record in this proceeding until further Order of this Court.

IT IS SO ORDERED, this _____3rd_____ day of _____April_____, 2019.


_DPMarshall Jr._____
Honorable D. P. Marshall Jr.
U. S. DISTRICT JUDGE

So Stipulated:

Maximillan R. X. Sprinkle (ABN 2013030)
300 S. Spring St., Ste. 604
Little Rock, AR 72201
frontdesk@sprinklefirm.com
(501) 235-8222 Office
(501) 235-8210 Facsimile


By: _/s/ Maximillan R.X. Sprinkle_____ ___
        Maximillan R.X. Sprinkle

ATTORNEY FOR DEFENDANT


By: ___/s/ Chris Burks_____
        Chris Burks, ABN 2010207
        Josh Sanford, ABN 2001037

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

josh@sanfordlawfirm.com
chris@sanfordlawfirm.com

ATTORNEYS FOR PLAINTIFF