IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CRYSTAL RAINEY**                                                                                          **PLAINTIFF**

vs.                                      No. 4:18-cv-267-DPM

**MEDPARTNERS, INC.**                                                                           **DEFENDANT**

### PLAINTIFF'S PRETRIAL DISCLOSURE SHEET

COMES NOW Plaintiff Crystal Rainey, by and through her attorneys of the Sanford Law Firm, PLLC, and for her Pretrial Disclosure Sheet, states and alleges as follows:

**1. Identity of the party submitting information.**

Plaintiff Crystal Rainey, by and through her attorneys of the Sanford Law Firm, PLLC.

**2. Names, addresses, and telephone numbers of all counsel for the parties.**

Tess Bradford and Josh Sanford of the Sanford Law Firm, PLLC, One Financial Center, 650 South Shackleford, Suite 411, Little Rock, Arkansas 72211, Phone: (501) 221-0088, Facsimile: 888-787-2040, Email: tess@sanfordlawfirm.com josh@sanfordlawfirm.com.

**3. A brief summary of the claims and relief sought.**

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Arkansas Minimum Wage Act ("AMWA"), A.C.A. § 11-4-201 et seq. The FLSA and AMWA require employers to pay each employee an overtime premium for all hours worked over forty per week. 29 U.S.C. § 206, 207; Ark. Code Ann. § 11-4-210–211.

Defendant failed to pay Plaintiff her overtime premiums for all hours worked over forty per week. Therefore, Plaintiff seeks to recover damages in the form of unpaid overtime, liquidated damages, attorneys' fees, and costs as provided for by 29 U.S.C. § 216(b) and Ark. Code Ann. § 11-4-218.

**4.    Prospects for settlement.**

Based on the payroll records and the timesheet records produced during discovery, Plaintiff's total damages equal $8,010.00, including liquidated damages. The Parties agreed to participate in a mediation in this matter, wherein Plaintiff made a demand to Defendant. Defendant, however, was unwilling to make a counteroffer. Plaintiff remains open to good faith settlement discussions and a pre-trial resolution of this matter.

**5.    The basis for jurisdiction and objections to jurisdiction.**

Plaintiff seeks relief under the FLSA, 29 U.S.C. § 201 *et seq.* Therefore, this Court has federal question jurisdiction of this action under 28 U.S.C. § 1331. This lawsuit also alleges causes of action under the AMWA, which arise out of the same set of operative facts as the federal causes of action, and which would be expected to be tried with the federal claims in a single judicial proceeding. Accordingly, this Court has supplemental jurisdiction over the additional AMWA claims pursuant to 28 U.S.C. § 1367(a). The acts complained of in Plaintiff's Complaint were committed and had their principal effect within the Western Division of the Eastern District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391. Plaintiff knows of no objections to jurisdiction or venue.

**6.    A list of pending motions.**

There are no pending motions.

**7.    A concise summary of the facts.**

Defendant primarily provides healthcare services by owning and operating multiple healthcare clinics, including a healthcare clinic in Little Rock.  Plaintiff worked for Defendant from approximately September of 2017 until approximately January of 2018 at a rate of $60.00 per hour.  Plaintiff regularly worked more than 40 hours per week.  Defendant, however, only paid Plaintiff for 40 hours per week, regardless of the number of hours Plaintiff actually worked, causing overtime violations.

**8.    All proposed stipulations.**

A.    All bates stamped documents provided by Defendant in the course of this case are authentic and admissible;

B.    Jurisdiction and venue are proper in this Court;

C.    Defendant MedPartners, Inc., is an "employer" within the meaning of the Fair Labor Standards Act and the Arkansas Minimum Wage Act;

D.    Defendant has employees that handle, sell or otherwise work with goods or materials that have been moved in or produced for commerce;

E.    Defendant's annual gross volume of sales or business done for each of the years 2017 and 2018 was not less than $500,000.00;

F.    Defendant had more than four employees in 2017 and in 2018;

G.    Plaintiff was employed at Defendant's Little Rock healthcare clinic between approximately September of 2017 and January of 2018;

H.    Plaintiff worked for Defendant as a nurse practitioner;

I.    Plaintiff's job duties included, but were not necessarily limited to, seeing patients and being present and available for walk-in patients, completing paperwork

regarding appointments, fielding phone calls from Defendant's patients in addition to assisting Defendant's other healthcare workers when needed;

J. Plaintiff was paid an hourly rate of $60.00;

K. Defendant paid Plaintiff for no more than 8 hours each day Plaintiff worked, regardless of how many additional hours Plaintiff actually worked that day;

L. Defendant did not pay Plaintiff an overtime premium for any hour she worked in excess of forty in any given week;

M. As a nurse practitioner, Plaintiff was required to have Defendant's patient's paperwork reviewed and signed by a physician before turning that patient's paperwork over to the insurance provider; and

N. To comply with her obligation to obtain a doctor's signature on paperwork, Plaintiff took patient paperwork to Dr. Olumufin in Pine Bluff after work.

**9. The issues of fact expected to be contested.**

A. The number of hours Plaintiff worked each week;

B. Whether Defendant had actual or constructive knowledge of the overtime Plaintiff worked;

C. Whether Defendant willfully failed to pay Plaintiff all overtime due.

**10. The issues of law expected to be contested.**

A. Plaintiff's damages.

**11. A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence.**

**Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.**

Plaintiff expects to offer:

A. A spreadsheet showing Plaintiff's damages calculations;

B. Communications between Defendant and Plaintiff regarding hours worked;

C. Any and all payroll records provided by Defendant during discovery;

D. Any and all timesheets provided by Defendant during discovery; and

E. Any and all communications between Defendant and Plaintiff provided by Defendant during discovery.

Plaintiff may offer the following exhibits:

A. All exhibits filed by Defendant and Plaintiff in this case;

B. Any and all answers, responses and admissions to written discovery;

C. Any and all documents obtained or produced in discovery.

**12.     The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

Plaintiff expects to call the following individuals as witnesses:

A. Plaintiff Crystal Rainey;

B. Defendant MedPartners, Inc.;

Plaintiff may call:

     A.    Any and all witnesses identified by or called by Defendant at any point in this case;

     B.    Any and all witnesses in the courtroom attending the trial at the request of, or on behalf of, Defendant.

**13.    The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.**

Defendant in this matter has not submitted Initial Disclosures. Should Defendant produce Initial Disclosures or any supplemental discovery answers, responses and/or admissions, Plaintiff estimates that she would need at least one week to evaluate those records and incorporate them into a damages calculation.

**14.    An estimate of the length of trial and suggestions for expediting disposition of the action.**

Plaintiff estimates that the trial of this matter can be accomplished in one to two days.

Respectfully submitted,

**PLAINTIFF CRYSTAL RAINEY**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Tess Bradford
Ark. Bar No. 2017156
tess@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com